Ken ROGERS; Mary Lou Rogers,
Plaintiffs—Appellees,

v.

CITY OF KENNEWICK; Benton County, Washington, a political subdivision in the State of Washington; Richard Dopke, husband, individually and as a martial community; Jane Doe Dopke, wife, individually and as a martial community, Defendants,

and

John Doe Bonnalie, husband, individually and as a martial community; Jane Doe Bonnalie, wife, individually and as a martial community; R.B. Kohn, husband, individually and as a martial community; Jane Doe Kohn, wife, individually and as a martial community; John Doe Quackenbush, Deputy, husband, individually and as a martial community; Jane Doe Quackenbush, wife, individually and as a martial community, Defendants—Appellants.

No. 05–35299.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2006.

Decided Aug. 3, 2006.

**658**

Brian J. Iller, Esq., Diehl R. Rettig, Esq., Raekes Rettig Osborne Forgette & O'Donnell, Kennewick, WA, for Plaintiff–Appellees.

Brian A. Christensen, Jennifer D. Homer, Esq., Canfield & Associates, Jerry J. Moberg, Esq., Jerry Moberg & Associates, Ephrata, WA, Michael E. Mcfarland, Esq., Evans, Craven & Lakie, Spokane, WA, for Defendants.

Before: FARRIS, THOMAS, and MCKEOWN, Circuit Judges.

## MEMORANDUM *

Defendants, former and current police officers of the City of Kennewick, Washington, appeal from the district court's orders denying summary judgment on the defense of qualified immunity. We have jurisdiction to review orders under the collateral order doctrine, *Watkins v. City of Oakland*, 145 F.3d 1087, 1091 (9th Cir. 1998), and we affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

The district court did not err in concluding. that the officers effected an unconstitutional seizure of Rogers in violation of the Fourth Amendment. A Fourth Amendment seizure occurs "when there is a governmental termination of freedom of movement through means intentionally applied." *Brower v. County of Inyo*, 489 U.S. 593, 597, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989)(emphasis omitted). The officers argue that there can be no Fourth Amendment seizure in this case because they did not intend to seize Rogers. Under *Brower*, "[a] seizure occurs even when an unintended person or thing is the object of the detention or undertaking, but the detention or taking itself must be wilful." *Id.* at 597, 109 S.Ct. 1378 (internal citations omitted). Therefore, it is of no consequence that the officers were not looking for Rogers specifically, so long as their actions were intentional. Viewing the facts in the light most favorable to Rogers, as we must at this stage, *Boyd v. Benton County*, 374 F.3d 773, 779 (9th Cir.2004), officer Kohn had control over the dog when it bit Rogers, and Kohn had effectively ordered the dog to find and bite the individual he was tracking. Therefore, under these factual assumptions, it is of no legal consequence whether Kohn and his fellow officers intended to restrain Rogers specifically, or merely intended to restrain an unidentified person the officers were tracking, as the district court correctly concluded.

### II

The district court did not err in denying summary judgment to the officers involved in the deployment of the dog and the subsequent seizure of Rogers. Under the familiar *Saucier* analysis, "[a] court required to rule upon the qualified immunity issue must consider [a] threshold question: Taken in the light most favorable to the party asserting the injury, do

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If there is such a showing, "the next, sequential step is to ask whether the right was clearly established." *Id.*

Under *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), claims of excessive use of force are examined for "reasonableness." *Id.* at 396, 109 S.Ct. 1865. The relevant factors in such an inquiry include "[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.2005) (en banc) (quoting *Graham*, 490 U.S. at 396, 109 S.Ct. 1865) (alterations in original). "[A]n additional factor ... is the availability of alternative methods of capturing or subduing a suspect." *Id.* at 703.

Taking the facts in the light most favorable to Rogers, the "suspect" in this case was wanted for two traffic infractions and a misdemeanor violation for failing to stop when signaled by the police, and there was no evidence that the suspect was armed or dangerous. There was, in fact, little evidence that any such fleeing suspect actually existed. Indeed, the initiating officer did not believe that the suspect had left the house into which he originally fled. The evidence is disputed as to whether Kohn provided an audible warning prior to releasing a "bite and hold" dog, so we must assume for the purposes of our analysis that no warning was afforded.

Given the minor severity of the crime in question, the lack of any evidence that the suspect posed a threat to the safety of the officers, and was not attempting to evade arrest by flight, the district court properly concluded in a thorough and thoughtful analysis that the facts as alleged established a violation of Rogers' constitutional rights.

The district court also properly concluded that the law was clearly established at the time of the incident so that a "reasonable officer would recognize that his or her conduct violates that right under the circumstances faced, and in light of the law that existed at that time." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1065 (9th Cir.2006). The critical element in this analysis is whether existing law defines the components of the *Graham* reasonableness analysis with regard to the particular circumstances. *Motley v. Parks*, 432 F.3d 1072, 1088–89 (9th Cir.2005) (en banc). The district court carefully examined these questions, and concluded that there was clearly established case law holding that: (1) failing to give a warning before releasing a police dog to bite and hold is unreasonable, (2) causing a bite and hold dog to enter the backyard without a warrant was unreasonable even if the officers believed that somebody was in the yard, (3) allowing the dog to continue biting a suspect for at least a minute was unreasonable, and (4) repeatedly striking a subdued and prone suspect is unreasonable. Therefore, the district court properly denied the officers' request for qualified immunity under *Saucier*.

### III

■ The district court also properly denied summary judgment to Sgt. Dopke, who was the initial officer requesting police dog backup. Dopke argues that he was not present at the time of the attack. However, at the time of the incident, it was clearly established that a supervisor can be held liable for the actions of subordinates if he "set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the constitu-

tional injury." *Watkins*, 145 F.3d at 1093 (internal quotations and citations omitted). Here, viewing the facts in the light most favorable to Rogers, Dopke authorized Kohn to search private backyards for a misdemeanor traffic suspect despite Dopke's belief that the suspect was in the house he had investigated and was not fleeing at all. Dopke considered the search a "pursuit," and department regulations provided that officers should not initiate pursuits of suspects of traffic misdemeanors. Given these circumstances, the district court properly concluded that there was a triable issue of fact as to whether authorizing the search was reasonable.

## IV

We lack appellate jurisdiction over the interlocutory appeal of the state law claims. 28 U.S.C. § 1291.

AFFIRMED.