MEMORANDUM **
Defendants-Appellants the City of Kennewick, et al., and Richard and Jane Doe Dopke appeal the district court’s judgment following a jury verdict of unlawful seizure, the award of compensatory and punitive damages to Plaintiffs Kenneth and Mary Lou Rogers, and the district court’s grant of attorneys fees and costs to the Rogers.
1. Although Mr. Rogers was not the actual suspect that the police officers sought, the police K-9’s biting of Mr. Rogers constituted a seizure under the Fourth Amendment. See Brower v. County of Inyo, 489 U.S. 593, 596, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989) (“A seizure occurs even when an unintended person or thing is the object of the detention or taking ... ”) (citation omitted). Substantial evidence supported the finding that excessive force was used. See Harper v. City of Los Angeles, 533 F.3d 1010, 1021 (9th Cir. 2008).
2. The district court did not err in denying qualified immunity to the appellants. See Torres v. City of Los Angeles, 548 F.3d 1197, 1210-11 (9th Cir.2008). Nor did the district court err in declining to instruct the jury regarding federal qualified immunity. The jury’s finding that the appellants committed an unconstitutional seizure in conjunction with this court’s prior ruling in this ease that a reasonable officer would have been aware that such conduct violated Plaintiffs’ rights, fully resolved the qualified immunity issue. See Rogers v. City of Kennewick, 205 Fed.Appx. 491, 493-94 (9th Cir.2006) (unpublished disposition).
3. The district court did not err in concluding that it is possible to reconcile the jury’s verdicts. See Vaughan v. Ricketts, 950 F.2d 1464, 1470 (9th Cir.1991). Considering the jury instructions as a whole, including the different elements for each of the claims, it is possible to reconcile the jury’s verdicts, and therefore we are bound to do so. See California v. Altus Finance S.A., 540 F.3d 992, 1004 (9th Cir.2008).
4. Substantial evidence supported the jury’s award of future economic damages. See Harper, 533 F.3d at 1028 (“Un *602 less the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork, we uphold the jury’s award.”) (citation and internal quotation marks omitted).
5. The jury’s award of punitive damages was not excessive considering the officers’ conduct and the amount and proportion of the damage awards. See Mendez v. County of San Bernardino, 540 F.3d 1109, 1120 (9th Cir.2008).
 6. The district court did not err in declining to certify to the Washington Supreme Court the question of whether the City of Kennewick was strictly liable under Washington’s dog bite statute, R.C.W. § 16.08.040. See Micomonaco v. State of Washington, 45 F.3d 316, 322 (9th Cir.1995). Nor did the district court err in concluding that the plain language of the statute dictated that the City be held strictly liable for the K-9 bites Mr. Rogers sustained. See McCandish Elec., Inc. v. Will Const. Co., Inc., 107 Wash.App. 85, 25 P.3d 1057, 1062 (Wash.App. Div. 3 2001).
7. The district court did not abuse its discretion in awarding attorney’s fees and costs to the Rogers. Awarding fees based on work done on the entire case, even though the Rogers prevailed on only one claim, was reasonable, as Plaintiffs’ claims were all related. See Dang v. Cross, 422 F.3d 800, 813 (9th Cir.2005). Contrary to the appellants’ assertions, the district court declined to award fees it deemed repetitive or unnecessary, and its order reflects “careful consideration” of the billing statements and fees sought. Armstrong v. Davis, 318 F.3d 965, 975 (9th Cir.2003). Finally, the district court acted ■within its discretion in setting the lodestar rate for fees based on its consideration of comparable market rates for attorneys with similar experiences and clients. See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 946 (9th Cir.2007).
8. Because the appellants’ arguments were not wholly without merit, we deny the Rogers’ motions for sanctions. See Orr v. Bank of America, NT & SA, 285 F.3d 764, 784 n. 34 (9th Cir.2002), as amended.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.