# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VICKI WELCH,
             *Plaintiff-Appellant,*

             v.

METROPOLITAN LIFE INSURANCE
COMPANY; KAISER FOUNDATION
HEALTH PLAN, INC., Long Term
Disability Plan; KAISER
FOUNDATION HEALTH PLAN, INC.,
Medical Plan; KAISER FOUNDATION
HEALTH PLAN, INC., Life Insurance
Plan; KAISER FOUNDATION HEALTH
PLAN, INC., Retirement Plan,
             *Defendants-Appellees.*

No. 04-56768

D.C. No.
CV-04-00084-PA

OPINION

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted
October 19, 2006—Pasadena, California

Filed March 6, 2007

Before: Raymond C. Fisher and Consuelo M. Callahan,
Circuit Judges, and Raner C. Collins,* District Judge.

Opinion by Judge Fisher

---

*The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

**COUNSEL**

Lisa S. Kantor (argued) and Glenn R. Kantor, Kantor & Kantor LLP, Northridge, California, for the plaintiff-appellant.

Eric R. McDonough (argued) and Lawrence E. Butler, Seyfarth Shaw LLP, Los Angeles, California, for the defendants-appellees.

**OPINION**

FISHER, Circuit Judge:

Plaintiff-Appellant Vicki Welch appeals the district court's order awarding her attorney's fees under 29 U.S.C.

§ 1132(g)(1). She disputes the district court's decisions to award fees at an hourly rate of $250, to apply across-the-board reductions in the number of hours requested because Welch's attorneys block billed and billed in quarter-hour increments and to disallow time incurred for discrete tasks such as attorney conferences. We affirm the district court's fee award in most respects but reverse in part, holding that the district court erred in setting Welch's counsel's hourly rate at $250 and in imposing a 20 percent across-the-board reduction for block billing. We remand for a new determination of the court's fee award.

## FACTUAL AND PROCEDURAL BACKGROUND

Welch sued Defendant-Appellee Metropolitan Life Insurance Company (MetLife) under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1191, alleging that MetLife improperly denied her benefits under a long-term disability plan. *See* 29 U.S.C. § 1132. Six months after Welch filed suit, MetLife agreed to honor Welch's claim. Thereafter, Welch moved for an award of costs and attorney's fees pursuant to 29 U.S.C. § 1132(g)(1), requesting $39,112 in fees for 11.5 hours of work at $375 per hour and 87 hours of work at $400 per hour (for work after January 1, 2004).

In support of her motion, Welch submitted declarations from four experienced ERISA attorneys who attested that they charge clients between $400 and $475 per hour. In one declaration, attorney Ronald Dean said that his $475 hourly rate "is not contingent upon the result." In addition, Welch submitted four district court orders granting fees to lawyers from Kantor & Kantor LLP — the law firm representing Welch — at rates of $300 to $375 per hour.

MetLife opposed Welch's motion for attorney's fees, arguing that the requested fees were unreasonable. Although asserting that Welch's requested hourly rates were unreason-

able, MetLife submitted four complaints that Kantor & Kantor had recently filed in the Central District of California in which the firm had requested fees on behalf of its client at the rate of $375 per hour.[1] MetLife presented no other evidence regarding the prevailing market rate for ERISA plaintiffs' lawyers.

The district court awarded fees to Welch, but reduced the requested hourly rate to $250. The court also imposed a 20 percent across-the-board reduction in the number of hours requested because Kantor & Kantor had block billed its time, and a 20 percent across-the-board reduction because Kantor & Kantor billed in quarter-hour increments.[2] Finally, the court reduced the hours requested for time spent in meetings between firm lawyers, conducting discovery, preparing a case analysis memo and preparing the motion for attorney's fees. In sum, the district court awarded fees for 43.05 hours of work rather than the 98.5 hours requested. The court's reductions resulted in a final award of $10,762 in attorney's fees to Welch.

## STANDARD OF REVIEW

ERISA permits district courts to award "reasonable" attorney's fees and costs to either party. *See* 29 U.S.C. § 1132(g)(1). On appeal, we review the district court's award for abuse of discretion. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). "An abuse of discretion is found only when there is a definite conviction that the court made a clear error of judgment in its conclusion upon weighing relevant factors." *Hope v. Int'l Bhd. of Elec. Workers*, 785 F.2d 826, 831 (9th Cir. 1986) (citation omitted).

---

[1]Kantor & Kantor raised its hourly rate to $400 in January of 2004.

[2]"Block billing" is "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996).

We review de novo the district court's determination of questions of law. *Cann v. Carpenters' Pension Trust Fund for N. Cal.*, 989 F.2d 313, 315 (9th Cir. 1993).

## DISCUSSION

To calculate attorney's fees awarded under § 1132(g)(1), district courts utilize a two-step hybrid lodestar/multiplier approach. First, the court establishes a lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Van Gerwen*, 214 F.3d at 1045. The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. In addition to setting the number of hours, the court must also determine a reasonable hourly rate, "considering the experience, skill, and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Second, in rare and exceptional cases, the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation. *See Van Gerwen*, 214 F.3d at 1045.

Recognizing that the district court has the benefit of first-hand contact with the litigation and the lawyers involved, we review a district court's award of fees deferentially. *See Hensley*, 461 U.S. at 437 (according deference to district court "in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters").

## I.   Reasonable Hourly Rate

The district court denied Welch's fee request for reimbursement at the rates of $375 and $400 per hour, instead finding

$250 to be a reasonable rate. This reduced rate was based on the district court's finding that "[t]here is no evidence that Plaintiff's counsel ever collects $375 or $400 per hour from paying clients except as part of an award of attorneys' fees issued by a court"; the court's belief that Kantor & Kantor's hourly rates "have been inflated to include a contingency multiplier"; and the court's consideration of "the relevant market rates in the community for this type of matter." We conclude that the district court clearly erred.

**[1]** First, the district court erred in reducing Welch's requested rate because Kantor & Kantor does not collect $375 and $400 from its paying clients. We have repeatedly held that the determination of a reasonable hourly rate "is not made by reference to the rates actually charged the prevailing party." *See, e.g., Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000) (quoting *Chalmers*, 796 F.2d at 1210). Rather, billing rates "should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Davis*, 976 F.2d at 1545; *see also Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006) (holding that the prevailing market rate — not the individual contract between the applicant attorney and the client — "provides the standard for lodestar calculations").

**[2]** Second, reduction may have been improper because there was insufficient evidence that Kantor & Kantor inflated its hourly rates above the prevailing market rate due to the contingent nature of its practice. In support of its reduction, the district court relied on a fee motion the Kantor & Kantor firm had submitted in an unrelated case, in which the firm justified its hourly rate by stating:

> [A]lthough the market requires defense counsel to offer competitive rates apparently below what he thinks he is truly worth, defense counsel is paid at

the time or immediately following, the time his services are rendered. He further gets paid even if he loses the case. This is not so for Plaintiff's counsel, who, because an ERISA claimant cannot afford to pay by the hour, is forced to await until completion of a litigation in order to obtain a contingency fee, which may, or may not be paid — if the case is lost.

The district court correctly observed that contingency cannot be used to justify a fee enhancement, *see Cann v. Carpenters' Pension Trust Fund*, 989 F.2d 313, 318 (9th Cir. 1993), or an inflated hourly rate, *see Davis v. City and County of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (1993). But as we read Kantor & Kantor's motion, the firm was at least in part explaining that its hourly rate in the prior case took into account the delay in payment that results from the firm's contingency-based system of representation — regardless of whether the case is won or lost. *See Missouri v. Jenkins*, 491 U.S. 274, 282-83 (1989) ("Although delay and the risk of nonpayment are often mentioned in the same breath, adjusting for the former is a distinct issue.") (quotation omitted). Thus it is unclear to what extent, if any, the requested $375 to $400 rates included a "contingency multiplier."

**[3]** To the extent Kantor & Kantor's motion was addressing delay in payment, that is a factor properly considered in arriving at a reasonable hourly rate. District courts have the discretion to compensate plaintiff's attorneys for a delay in payment by either applying the attorneys' current rates to all hours billed during the course of the litigation or using the attorneys' historical rates and adding a prime rate enhancement. *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994).

**[4]** Third, although the district court appropriately considered relevant market rates, it did not explain how evidence in the record supported the hourly award of $250. This omission

is significant because the evidence submitted by both parties suggests that $250 is well below the prevailing market rate for ERISA plaintiffs' lawyers of comparable skill. Welch satisfactorily bore her burden of demonstrating that $375 to $400 per hour is in line with the prevailing market rate by submitting two pieces of evidence: (1) rate determinations in other cases litigated by the Kantor & Kantor firm awarding fees at rates between $300 and $375 per hour; and (2) declarations from comparable ERISA lawyers attesting that the market sustains a rate above $400 per hour.[3] *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."). The only evidence provided by MetLife — four complaints that Kantor & Kantor had filed in unrelated cases requesting fees at $375 per hour — bolstered Welch's argument that Kantor & Kantor's hourly rate was not unreasonably high. In the absence of contrary evidence, we conclude that the requested fees of $375 and $400 per hour were established as being in line with prevailing community rates, and on remand the district court must presume those rates are reasonable. *See id.*

On remand, the district court may reduce Welch's requested rates despite the presumption of reasonableness, but any reduction must be based either on a determination that Welch's attorneys performed below the level of expertise that would command those rates or on evidence that undermines the reasonableness of the rate requested. *See id.* In addition, the court may clarify the extent to which Kantor & Kantor's proferred rates of $375 and $400 do in fact include a contingency factor and reduce the hourly rate accordingly.

---

[3]One attorney expressly clarified that his hourly rate $475 does *not* include a contingency multiplier.

## II.   Reasonable Hours

### A.   *Across-the-Board Reduction for Block Billing*

The district court imposed an across-the-board reduction of 20 percent on Welch's requested total hours because Kantor & Kantor chose to block bill some of its time rather than itemize each task individually. The court arrived at its 20 percent reduction based on a report by the California State Bar's Committee on Mandatory Fee Arbitration, which concluded that block billing "may increase time by 10% to 30%." *See* The State Bar of California Committee on Mandatory Fee Arbitration, Arbitration Advisory 03-01 (2003) ("Fee Report"). The court adopted the 20 percent as within the Fee Report's "middle range."

[5] We do not quarrel with the district court's authority to reduce hours that are billed in block format. The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). It was reasonable for the district court to conclude that Welch failed to carry her burden, because block billing makes it more difficult to determine how much time was spent on particular activities. *See, e.g.*, *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness"); *see also Hensley*, 461 U.S. at 437 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims"); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (holding that a district court may reduce hours to offset "poorly documented" billing).

[6] Nonetheless, the district court clearly erred in applying a 20 percent reduction to *all* of Welch's requested hours. In

fact, barely more than half of all hours submitted by Welch's counsel were block billed. Reducing the total hours by 20 percent thereby effectively served as a 40 percent penalty on those hours actually block billed, well above the range justified by the Fee Report.

**[7]** Accordingly, we vacate the district court's 20 percent across-the-board reduction for block billing. On remand, the district court may properly impose a reduction for block billing, but it should "explain how or why . . . the reduction . . . fairly balance[s]" those hours that were actually billed in block format. *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001).

### B. Across-the-Board Reduction for Billing by the Quarter-Hour

**[8]** The district court also imposed a 20 percent across-the-board reduction on Welch's requested hours because Kantor & Kantor billed in quarter-hour increments. The district court was in the best position to determine in the first instance whether counsel's practice of billing by the quarter-hour resulted in a request for compensation for hours not reasonably expended on the litigation. *See Chalmers*, 796 F.2d at 1211. We accord considerable deference to that finding, *Van Gerwen*, 214 F.3d at 1047, and will not disturb it where, as here, the applicant has failed to bear her burden of submitting detailed time records justifying the hours claimed to have been expended. *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994).

**[9]** The district court reasonably concluded that Kantor & Kantor's practice of billing by the quarter-hour resulted in a request for excessive hours. Unlike its reduction for block billing, the district court expressly correlated its reduction for quarter hour billing to Kantor & Kantor's actual over-billing. Having reviewed the firm's summary time sheet, the court found the hours were inflated because counsel billed a mini-

mum of 15 minutes for numerous phone calls and e-mails that likely took a fraction of the time. Our own review of the time sheet confirms that it is replete with quarter-hour or half-hour charges for the drafting of letters, telephone calls and intra-office conferences. We therefore affirm the district court's reduction for quarter-hour billing.

### C.  Reduction for Intra-Office Conferences, Preparation of a Case Analysis Memorandum, Discovery and Preparation of the Motion for Attorney's Fees

[10] The district court reduced Welch's requested hours by 5.75 hours for time spent in intra-office conferences, by 5 hours for preparation of a case analysis memorandum, by 4 hours for time spent conducting discovery-related activities, and by 9 hours for preparation of Welch's motion for attorney's fees. We affirm all of these reductions.

First, the court reasonably reduced the hours billed for intra-office conferences between Welch's primary counsel at Kantor & Kantor and her colleague. As Welch's primary counsel said in the fee request, she has assumed sole responsibility for several hundred ERISA matters. Given her substantial experience and Welch's failure to provide a persuasive justification for the intra-office meetings, the district court did not err in finding the intra-office conferences to be unnecessary and duplicative. *See Hope*, 785 F.2d at 831.

Second, the district court's finding that 5 hours spent on case analysis were unnecessary is precisely the kind of assessment that is entitled to considerable deference because of "the district court's superior understanding of the litigation." *Van Gerwen*, 214 F.3d at 1047 (quoting *Hensley*, 461 U.S. at 437). The district court, which oversaw preparation of the case for trial, was in the best position to determine whether case analysis by Welch's counsel was or was not necessary. Welch has offered no evidence that persuades us otherwise.

Similarly, because of the district court's superior understanding of the litigation, the court's conclusion that hours spent propounding discovery were excessive or otherwise unnecessary is entitled to considerable deference. *See id.* at 1047-48. Kantor & Kantor's billing time sheet included an 8.75-hour block billed entry for time spent reviewing insurance documents, preparing discovery and deposition notices, e-mailing opposing counsel and conducting an intra-office conference. The district court concluded that a 4-hour reduction was appropriate in light of its request to file the entire administrative record, because "it [was] not at all clear . . . that any discovery was appropriate." Because an ERISA plaintiff may be permitted to supplement the administrative record with evidence of a conflict of interest on the part of the defendant, *see Tremain v. Bell Industries, Inc.*, 196 F.3d 970, 976-77 (9th Cir. 1999), we agree with Welch that *some* discovery aimed at demonstrating a conflict of interest may have been appropriate. But in order to grant Welch the relief she seeks, we would have to override the district court's conclusion that 4 of the 8.75 hours claimed were unnecessary. We decline Welch's invitation to nitpick in this manner because she has presented insufficient evidence to convince us that the district court's determination was a clear error of judgment.

Finally, the district court did not err in reducing the requested 13 hours for preparation of Welch's motion for attorney's fees by 9 hours because the motion's language was "boilerplate." A reduction in hours is appropriate if the court reasonably concludes that preparation of a motion "demanded little of counsel's time." *Webb v. Sloan*, 330 F.3d 1158, 1170 (9th Cir. 2003). The district court found that much of the language in Welch's motion for fees was recycled from submissions to other courts. Welch has offered no evidence to undermine the court's reasonable conclusion that billing for a total of 13 hours was excessive. *See Hyland v. Indicator Lites, Inc.*, 160 F. Supp. 2d 981, 986 (N.D. Ill. 2001) (holding that reduction in hours billed by prevailing party's attorney for drafting complaint was warranted where complaint contained

standard formulations and was drafted using "cutting and pasting").

## CONCLUSION

We affirm the district court's reduction of hours for billing in quarter-hour increments and for time involved in intra-office conferences, preparation of a case analysis memo, discovery-related activities and preparation of the motion for attorney's fees. We hold that the district court erred in setting Welch's counsel's hourly rates at $250 and in imposing a 20 percent across-the-board reduction for block billing. Although we believe the record is sufficiently complete for the district court to revise its fee award without additional evidence, we leave it to the court's discretion whether to entertain supplemental submissions or argument by the parties. The district court's fee award is **VACATED and REMANDED** for a redetermination consistent with this opinion.

The parties shall bear their own costs on appeal.