**Lydia WINTERSTEIN, Plaintiff— Appellant,**

v.

**STRYKER CORPORATION GROUP LIFE INSURANCE PLAN; Stryker Corporation, Defendants—Appellees.**

No. 07–15042.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Jan. 8, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Martin S. Snitow, Esq., Martin S. Snitow Law Corporation, San Jose, CA, for Plaintiff–Appellant.

Yana S. Johnson, Morrison & Foerster, LLP, San Francisco, CA, R. Bradford Huss, Esq., Trucker & Huss, Nicole A. Diller, Esq., Morgan Lewis & Bockius, LLP, San Francisco, CA, for Defendants–Appellees.

Before: B. FLETCHER, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Lydia Winterstein appeals two aspects of the district court's ruling granting her attorney's fees for her suit under the Employee Retirement Income Security Act of 1974 ("ERISA"): (1) the hourly rate of $300, and (2) the denial of fees for her motion to reconsider the court's first fees ruling. We review the district court's fee award for abuse of discretion. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir.2007).

1. ERISA permits a district court to award "reasonable" attorney's fees and costs to either party. *See* 29 U.S.C. § 1132(g)(1). An hourly rate for attorney's fees should be set "by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Welch,* 480 F.3d at 946 (internal quotation marks omitted).

Although the district court did not clearly explain the basis for its selection of the $300 hourly rate, we may affirm on the basis of any ground supported by the rec-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ord. *Whitaker v. Garcetti,* 486 F.3d 572, 579 (9th Cir.2007). Here, evidence in the record showed that hourly rates for ERISA specialists in the relevant geographic area ranged between $200 and $475. Winterstein's attorney is an experienced litigator, but this was his first ERISA case. We thus conclude that a rate roughly in the mid-range of those hourly rates is not an abuse of discretion.[1]

■ 2. Attorney's fees requests for work litigating attorney's fees are treated the same as for work done on the merits of a case. *See Thompson v. Gomez,* 45 F.3d 1365, 1367–68 (9th Cir.1995). The district court provided no reason for refusing to award fees for work done on the motion. In fact, at oral argument it stated that it would award such fees.

Unlike the hourly rate determination, nothing in the record supports the district court's decision. Winterstein's motion to reconsider was at least partly successful, resulting in a fifty percent increase in the hourly rate. We thus vacate this ruling and remand to the district court either to award fees for this motion or to explain the basis of its denial of fees. Each party shall bear her or its own costs on appeal.

**AFFIRMED in part, VACATED and REMANDED in part.**

RAWLINSON, Circuit Judge, concurring in the result:

I concur only in the result remanding this case to the district court. I write separately to emphasize that I do not join any suggestion that the district court should consider awarding additional fees on remand. I join the remand order for the sole purpose of allowing the district court judge to specify the reasons for his denial of fees.

---

1. Winterstein also challenges the district court's use, in its first fees ruling, of a statistical method set forth in *Yahoo!, Inc. v. Net Games, Inc.,* 329 F.Supp.2d 1179 (N.D.Cal. 2004). But, upon Winterstein's motion to reconsider, the district court replaced the rate derived from this method (which was in the $200 range) with the $300 rate, noting that the new rate "does not represent an enhancement of the original [*Yahoo!*-based] lodestar calculation." Because the rate based on the *Yahoo!* formula has been superseded, the propriety of that formula is not before us.

