**Judy LEAF; et al., Plaintiffs— Appellants,**

v.

**COUNTY OF LOS ANGELES; et al., Defendants—Appellees.**

No. 06–56190.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2008.*

Filed March 12, 2008.

Thomas E. Beck, Esq., The Beck Law Firm, Los Alamitos, CA, for Plaintiffs–Appellants.

---

* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas C. Hurrell, Hurrell & Cantrall LLP, Los Angeles, CA, for Defendants–Appellees.

Before: WALLACE, GOULD, and IKUTA, Circuit Judges.

### MEMORANDUM **

Plaintiffs Judy and David Leaf appeal from the district court's award of attorneys' fees in the amount of $51,546.95 pursuant to 42 U.S.C. § 1988 and the district court's order denying plaintiffs' motion to retax costs following a partial jury verdict in plaintiffs' favor. We affirm the district court's award of attorneys' fees and dismiss the costs appeal as untimely.

The district court did not abuse its discretion when it subtracted hours for improper block billing, clerical tasks, and unnecessary tasks, because its decision was not "based on an inaccurate view of the law or a clearly erroneous finding of fact." *See Wilcox v. City of Reno,* 42 F.3d 550, 553 (9th Cir.1994) (noting the abuse of discretion standard); *Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 948 (9th Cir.2007) (holding that the district court has authority to decrease the number of reasonable hours claimed where hours are insufficiently documented).

Nor did the district court abuse its discretion when it determined the market rate for plaintiffs' attorneys' services was $250 because, as the court observed, plaintiffs did not show that other Los Angeles attorneys charge $400 for similar cases, and there was evidence supporting $250 as the market rate, including a declaration from one of the plaintiffs' attorneys stating that he currently charged $250 an hour. *See Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d 895, 908 (9th Cir.1995); *see also Barjon v. Dalton,* 132 F.3d 496, 502 (9th Cir.1997). The district court also acted within its discretion when it reduced the $250 rate to $200 based on plaintiffs' attorneys' lack of skill and professionalism in this case. *See Welch,* 480 F.3d at 947–48 (holding that the district court can reduce hourly rate if it determines the attorney "performed below the level of expertise that would command [market] rates").

Finally, the plaintiffs' request for fees for hours spent between April 11, 2006 and May 25, 2006 was untimely because no stipulation was filed with the court extending the original due date and plaintiffs' ex parte motion for an extension of time was denied; thus, the district court did not abuse its discretion in declining to consider the request.

Once the district court correctly determined the lodestar by multiplying the reasonable hours expended by the reasonable rate, it acted within its discretion when it reduced the lodestar by 30% for limited results obtained: a settlement for nominal damages but no injunction on the *Monell* claim, and a verdict against only two of the fifteen original defendants on other claims. *See Wilcox,* 42 F.3d at 555; *Corder v. Gates,* 947 F.2d 374, 379–80 (9th Cir.1991).

Plaintiffs did not timely appeal the final order of costs. Plaintiffs filed their notice of appeal on August 18, 2006, more than 30 days after the June 21, 2006 final order denying plaintiffs' motion to retax costs. *See* Fed. R.App. P. 4(a). We therefore dismiss that appeal. Because plaintiffs have not been successful on appeal, we also deny the plaintiffs' request for attor-

---

** This disposition is not appropriate for publication and is not precedent except as provid- ed by Ninth Circuit Rule 36–3.

neys' fees and costs. *See Trevino v. Gates,* 99 F.3d 911, 926 (9th Cir.1996).

**AFFIRMED IN PART; DISMISSED IN PART; DENIED IN PART.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.