

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKE LOVE, an individual, | No. 08-55035 |
| Plaintiff - Appellant, | D.C. No. CV-06-06148-ABC |
| v. | |
| | MEMORANDUM [*] |
| SANCTUARY RECORDS GROUP, LTD., a United Kingdom corporation; DAVID LEAF, an individual, | |
| Defendants - Appellees. | |
| MIKE LOVE, an individual, | No. 08-55973 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-06148-ABC-PJW |
| v. | |
| SANCTUARY RECORDS GROUP, LTD., a United Kingdom corporation; DAVID LEAF, an individual, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 10, 2010
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and FOGEL,[**] District Judge.

Founding Beach Boy Mike Love ("Love") appeals dismissal of a derivative suit brought on behalf of Brother Records, Inc. ("BRI"), the corporation that owns the registered trademark The Beach Boys. Love also appeals the award of attorney's fees to Sanctuary Records Group, Ltd. ("Sanctuary").[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

We review dismissals for failure to state a claim de novo. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 619 (9th Cir. 2004). We may affirm on any basis supported by the record, even if the district court did not rely on that basis. *Shaw v. State of Cali. Dept. of Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir. 1986). We review an award of attorney's fees for abuse of discretion, reviewing factual findings for clear error, and legal conclusions de novo. *Barrientos v. 1801-1825 Morton LLC*, 583 F.3d 1197, 1207 (9th Cir. 2009).

---

[**] The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

[1] Love has settled with all other defendants - appellees, including David Leaf, who is dismissed from this appeal.

II

The claims in this lawsuit closely parallel those asserted by Love in a related, direct lawsuit against Sanctuary, which is the subject of a separate appeal, which we have resolved in a separate opinion ("Opinion"). Sanctuary moved to dismiss Love's First Amended Complaint in this case for the reasons that Love's related direct action had already been dismissed. Although the district court did not reach this argument, we affirm on this ground.

First, Love claims Sanctuary violated his own and BRI's common law rights of publicity in the *Good Vibrations* promotion, by using his and The Beach Boys's names, photographs, and likenesses to their commercial advantage without permission. In the Opinion, we held that Love's claim was governed by English law, and English law does not recognize a right of publicity. In his district court papers, Love cited no California case that has recognized that a corporation has a right of publicity or otherwise has standing to protect the publicity rights of another. Nor did he cite any California case that has recognized that a band or group has a right to publicity. Even assuming BRI could bring a right of publicity suit on behalf of The Beach Boys, and that California somehow had an interest in the case because BRI is incorporated in California, England's interest in this case is significantly greater.

Second, he raises three Lanham Act claims against Sanctuary: trademark infringement, unfair competition, and trademark dilution. Because Love has failed to allege any impact on American foreign commerce, he cannot rely on the Lanham Act.

Finally, Love raises a state unfair business practice claim and a civil conspiracy claim, which both require the survival of at least one other claim. Therefore, we affirm dismissal of Love's suit.

III

Where a lawsuit is not based on a contract with an attorney's fees provision, attorney's fees are awarded to a prevailing party only if "there is express statutory authorization." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "[A] fee applicant bears the burden of establishing entitlement to an award." *Id.* at 437. While an applicant "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims," where fees are recoverable only for work done on some claims, "there is no certain method of determining when claims are 'related' or 'unrelated.'" *Id.* at 437 & n.12.

The district court awarded attorney's fees to Sanctuary for being the prevailing party on Love's statutory right of publicity claim, and for the claims that were inextricably interwoven with it. *See* Cal. Civ. Code § 3344 ("The prevailing

4

party in any [statutory right of publicity] action . . . shall also be entitled to attorney's fees and costs."). It then subtracted the fees charged for work on a Rule 11 motion, as well as 5% from the others fees charged, after determining that Sanctuary's work on the Lanham Act claims was not compensable.[2]

Love's argument that Sanctuary was not a prevailing party is unavailing. Dismissal for failure to state a claim, whether because no facts are alleged to implicate defendants in any wrongdoing, or because no facts are alleged that can overcome the business judgment rule defense, the grounds relied upon by the district court, is not a mere procedural victory. *Compare Estate of Drummond*, 149 Cal. App. 4th 46, 53 (2007) (no fees where "litigation . . . ended solely because it should have been brought in another department of the same court"). Moreover, we have affirmed the district court on the alternate ground that the California law was inapplicable.

We also reject Love's various arguments that awarding fees to Sanctuary compensated them for work that duplicated work done by other attorneys on the case, or was otherwise for excessive hours. While a district court may reduce a request for "unnecessary and duplicative" work in "intra-office conferences," *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949 (9th Cir. 2007), Love has not

---

[2] Sanctuary does not challenge that determination on appeal.

presented the court with any case law permitting (let alone requiring) such a reduction where different defendants are represented by different firms that are attempting to coordinate their filings. Presumably, Sanctuary's attorneys had an ethical obligation to review the filings independently, meet with their client, and coordinate with the attorneys who were filing a motion on their client's behalf.

Finally, Love's objection to the method by which the district court apportioned fees fails to convince us. Here, the district court used a perfectly acceptable but-for calculation style. *Cf. Welch*, 480 F.3d at 948 (permitted reduction of fee requests by a certain percent in order to "'fairly balance[]'" hours that are billed in such a way as to overinflate an award, as long as district court explains "'how or why'" it has chosen the calculation method (quoting *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001)). Even if Love had not brought a single Lanham Act claim (the only claims not covered by the fee award statute), Sanctuary's attorneys would have needed to devote almost the same amount of time to the motion to dismiss, and the parties would have filed a nearly identical motion. Therefore, only a negligible amount of money should be deducted. Moreover, this is not a case where defense counsel has chosen a method of billing that overinflates the fee request. *Compare Welch*, 480 F.3d at 948–49.

**AFFIRMED.**

6