**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID DAY, | No. 11-17150 |
| Plaintiff - Appellant, | D.C. No. 5:06-cv-01740-JW |
| v. | |
| AT&T DISABILITY INCOME PLAN, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted November 18, 2014
San Francisco, California

Before: REINHARDT, THOMAS, and CHRISTEN, Circuit Judges.

David Day appeals the district court's orders granting in part and denying in

part his motions for attorneys' fees in his action filed against the AT&T Disability

Income Plan ("the Plan") under the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 1291, and we affirm. Because the parties are familiar with the factual and legal history of the case, we need not recount it here.

"We review for abuse of discretion a district court's decision to award or deny attorney's fees in an ERISA action, as well as a district court's determination of the amount of reasonable attorney's fees." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citations omitted). We also review for abuse of discretion a district court's decision to grant or deny prejudgment interest. *Simeonoff v. Hiner*, 249 F.3d 883, 894 (9th Cir. 2001). "'This court reviews de novo any elements of legal analysis and statutory interpretation involved in an attorney fees decision.'" *Trs. of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256 (9th Cir. 2006) (citations omitted).

I

A

The Plan contends that we lack jurisdiction over Day's appeal of the district court's July 2008 order because Day failed to appeal that order within thirty days of the entry of judgment in June 2010. Although an appellant's failure to file a notice of appeal within thirty days of the entry of judgment ordinarily deprives this court of jurisdiction, Day's failure to do so is not fatal here because the district court subsequently entered an amended judgment.

2

The Supreme Court has recognized that a district court's decision to amend a judgment may re-start the period during which a litigant may appeal, provided that the amended judgment differs materially from the earlier judgment. *See FTC v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-12 (1952) (holding that when a "lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered[,] the period within which an appeal must be taken or a petition for certiorari filed [may] begin to run anew"); *United States v. Doe*, 374 F.3d 851, 853-54 (9th Cir. 2004) ("Where a district court enters an amended judgment that revises legal rights or obligations, the period for filing an appeal begins anew."). The test for whether an amended judgment materially differs from the prior judgment is a "practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." *Minneapolis-Honeywell Regulator Co.*, 344 U.S. at 212. The appeal period may be re-set "even where the appeal concerns a different matter from that revised by the district court." *Doe*, 374 F.3d at 854.

Here, the August 2011 judgment differed materially from the June 2010 judgment. The June 2010 judgment did not resolve (or even mention) Day's underlying ERISA claim and, instead, merely stated that the Plan was entitled to

3

judgment on the offset issue. In contrast, the August 2011 amended judgment specifically addressed the underlying merits of Day's ERISA claim by acknowledging that Day had prevailed on his motion for summary judgment on that claim and providing that he was "entitled to attorney fees and prejudgment interest with respect to his claim for short-term disability benefits." The amended judgment therefore resolved issues which the June 2010 judgment did not address – including, most notably, the merits of Day's claim for short-term disability (STD) benefits – and thus opened a new thirty-day period during which Day could file his notice of appeal. Because it is undisputed that Day filed his notice of appeal during that thirty-day period, we have jurisdiction over his appeal of the July 2008 attorneys' fees order.

B

The magistrate judge did not abuse his discretion by adjusting downward the lodestar amount in the July 2008 attorneys' fees order. To determine the amount of fees to award in ERISA actions, we use the "hybrid lodestar/multiplier approach" used by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *Van Gerwen*, 214 F.3d at 1045. Under that approach, the court first "determines the 'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id.* Then, after excluding

4

from the lodestar amount any hours that were not reasonably expended, the court may "adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Id.*

The magistrate judge properly followed this approach here. His order sets forth numerous reasons for reducing Day's lodestar hourly rate and hours reasonably expended. These reasons include the fact that Day's counsel spent an excessive amount of time on several tasks as compared to the time spent on similar tasks by Day's prior counsel and attorneys in other ERISA cases; used block-billing to record his time; and charged his other clients a lower hourly rate than the lodestar rate he requested. All of these reasons supported the reduction in the lodestar amount. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("We do not quarrel with the district court's authority to reduce hours that are billed in block format. The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."); *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1326 (D.C. Cir. 1982) (noting that "the actual rate that applicant's counsel can command in the market is itself highly relevant proof of the prevailing community rate" under the lodestar method). These reasons also undermine Day's

assertion that the magistrate judge's decision was based primarily on the Plan's representation that it would not object to such a rate.

To the extent Day argues that he never consented to the magistrate judge's authority, that argument is belied by the record. Day's counsel signed and filed a stipulation in July 2008 which specifically stated: "the undersigned parties hereby voluntarily consent to have United States Magistrate Judge Richard Seeborg conduct any and all further proceedings in this case involving plaintiff David Day's pending motion for attorneys' fees, including issuance of a final order on this issue. "

## II

## A

The district court did not abuse its discretion in adopting the magistrate judge's November 2010 report and recommendation in its August 2011 attorneys' fees order. The magistrate judge recommended that Day's fees award be limited to the fees he expended pursuing his STD benefits claim on remand. Because this was the only claim on which Day prevailed in court after exhausting his administrative remedies, it was reasonable for the district court to limit his fees award in this manner. Likewise, it was reasonable for the district court to conclude that Day should not recover attorneys' fees expended in pursuit of administrative

remedies that he was able to obtain without a court order. *Cann v. Carpenters' Pension Trust Fund*, 989 F.2d 313, 315-17 (9th Cir. 1993).

Day's contention that the district court abused its discretion by withdrawing its referral of his motion to a magistrate judge is similarly without merit. Day had an opportunity to object to the November 2010 report and recommendation. Even if he had not had such an opportunity, he has no right to have his attorneys' fees motion heard by a magistrate judge. District courts have the authority under 28 U.S.C. § 636(c)(4) to withdraw the referral of any civil matter to a magistrate judge upon a showing of good cause. Here, the district court had good cause to withdraw the referral of Day's attorneys' fees motion because the motion had been pending for over a year and the magistrate judge to whom it had originally been referred had retired.

B

The district court did not abuse its discretion in restricting his award of prejudgment interest in its August 2011 order. Specifically, Day challenges the court's decisions to: (1) limit the period for which prejudgment interest could be awarded; (2) apply the interest rate set forth in 28 U.S.C. § 1961; and (3) restrict prejudgment interest to his STD benefits award. As with the limits the district

7

court imposed on Day's fees award, the limits imposed on Day's prejudgment interest award are all reasonable.

"'Whether interest will be awarded [in an ERISA case] is a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities.'" *Shaw v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*, 750 F.2d 1458, 1465 (9th Cir. 1985) (citations omitted). Here, the district court expressly engaged in this fairness analysis and, after reviewing the record and supplemental briefing, concluded that prejudgment interest should be awarded for the period between the Plan Administrator's final denial of Day's STD claim in January 2006 and Day's receipt of those benefits on remand in August 2008. Given that Day never obtained any other favorable judgment from the court concerning his ERISA claims, the court's decision to limit prejudgment interest to this period was reasonable.

The district court's decision to apply the interest rate set forth in 28 U.S.C. § 1961 was also reasonable. We have specifically held that, "[g]enerally, 'the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different

rate.'" *Blankenship v. Liberty Life Assur. Co. of Bos.*, 486 F.3d 620, 628 (9th Cir. 2007) (citations omitted).

Day failed to present substantial evidence justifying a higher rate. Although he argued that he was entitled to a higher rate because he was forced to roll over his other benefits into an IRA, that assertion was not supported by the record. Indeed, in Day's previous appeal in this matter, we held that "the district court did not err in finding that 'there is no evidence that [Day's] election to rollover his lump-sump pension benefit into an IRA account was not fully voluntary.'" *Day v. AT&T Disability Income Plan,* 698 F.3d 1091, 1100 n.5 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2010 (2013).

Finally, the district court's decision to restrict prejudgment interest to the award of STD benefits was reasonable in light of the fact that the court never awarded Day any other kinds of benefits. As the district court explained, its "judgment with respect to [Day]'s ERISA claim pertained to [his] eligibility for STD benefits" and "there was no court judgment or 'award' with respect to [Day]'s eligibility for LTD benefits." Accordingly, because it is undisputed that Day was able to obtain his LTD benefits entirely through the administrative process – and did not obtain any favorable court judgment or order on that issue – the district court did not abuse its discretion by declining to account for the timing of Day's

LTD benefits claim when it calculated the period for which prejudgment interest would be awarded.

**AFFIRMED.**