NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY CAPUTO, Relator; Ex Rel. United States of America; GLOBAL TUNGSTEN & POWDERS CORPORATION, Relator; Ex Rel. United States of America,

Plaintiffs-Appellees,

v.

TUNGSTEN HEAVY POWDER, INC., DBA Tungsten Heavy Powder and Parts, Inc.,

Defendant-Appellant,

and

UNITED STATES OF AMERICA, Ex Rel.,

Real-party-in-interest.

No.    22-55142

D.C. No.
3:18-cv-02352-W-AHG

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted December 9, 2022
Pasadena, California

Before:  BERZON, R. NELSON, and BADE, Circuit Judges.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant Tungsten Heavy Powder, Inc. ("THP") appeals the district court's orders (1) granting in part a motion for attorneys' fees, costs, and expenses filed by Plaintiffs-Appellees Gregory Caputo ("Caputo") and Global Tungsten & Powders Corporation ("GTP") (collectively, "Relators") and (2) denying reconsideration of the order granting attorneys' fees. We affirm both orders.

1.      The district court did not abuse its discretion in granting in part Relators' motion for attorneys' fees, costs, and expenses following their settlement of this qui tam action.

First, the district court did not abuse its discretion by awarding fees to Relators for time spent dealing with issues of overlap between this matter and a collateral defamation matter. As the defamation action was based on the allegations in the qui tam action, it is reasonable to expect that successful prosecution of the qui tam action would require some degree of coordination with the attorneys defending Relators in the defamation action.

Second, the district court did not abuse its discretion by awarding fees for time spent on Relators' claim that THP violated the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120–30. Relators successfully resolved their sole cause of action, violation of the False Claims Act, which included allegations related to ITAR. The district court appropriately reasoned that the government's

failure to mention ITAR in the press release announcing the settlement "does not mean allegations related to it were not fuel for productive settlement discussions or intertwined with the overall scheme to defraud the Government." "Where a plaintiff has obtained excellent results," "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

Third, the district court did not abuse its discretion in determining that "Relators' attorneys' billing records provide sufficient detail to determine the hours expended were reasonable." Contrary to THP's assertion that Relators' attorneys engaged in impermissible block billing, the record shows that the timesheets submitted with the fee motion include entries for specific tasks, and few entries bill for more than three hours at a time. *Cf. Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) ("'Block billing' is the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." (quotation omitted)).

Finally, the district court's six-page order addressing each of THP's points of opposition satisfied the requirement that the court provide "a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437.

In sum, the district court's order granting in part Relators' motion for

3

attorneys' fees, costs, and expenses was not an abuse of discretion.

2.      The district court also did not abuse its discretion in denying THP's motion for reconsideration of the order granting fees.

First, the district court reasonably determined that the evidence THP sought to introduce was not "newly discovered" for purposes of Rule 60(b)(2) of the Federal Rules of Civil Procedure. Evidence is not newly discovered "if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987).

The district court correctly observed that most of the information recited in the Omanoff affidavit appeared as allegations in the verified complaint and the first amended verified complaint that THP's close affiliate, Tungsten Parts Wyoming, Inc., filed in Wyoming District Court in May and June 2021, more than four months before the district court issued its fee order in this case. The district court properly concluded that THP "could have brought this information to the Court's attention while it was considering the attorneys' fees motion," and that "THP failed to act with reasonable diligence" by not doing so.

Second, the district court did not abuse its discretion in concluding that even those allegations that were arguably new did not warrant reconsideration of the fee order. For example, THP's argument that the Volkov Law Group may have

4

overbilled Relators to compensate for its allegedly poor billing practices lacks a foundation in the Omanoff declaration. Additionally, the argument is duplicative of THP's argument, already rejected by the district court in its fee order, that Volkov's time entries lacked sufficient clarity and detail. The district court appropriately concluded that, even if newly discovered, the evidence in the Omanoff affidavit was not of "such magnitude that production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer Co.*, 833 F.2d at 211.

    **AFFIRMED.**