**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2965-23

THE LAW OFFICE OF
RAJEH A. SAADEH, L.L.C.,

    Plaintiff-Appellant,

v.

OMAR ABDOU,

    Defendant-Respondent.

_____

Submitted December 17, 2024 – Decided January 6, 2025

Before Judges Smith and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. DC-001583-24.

The Law Office of Rajeh A. Saadeh, LLC, attorneys for appellant (Cynthia L. Dubell, on the brief).

Respondent has not filed a brief.

PER CURIAM

Plaintiff appeals from a Law Division order awarding it only partial attorney fees in its collection action against a former client, defendant Omar Abdou. We affirm.

On or about October 24, 2023, defendant hired plaintiff to represent him. Paragraph C of the retainer agreement states in relevant part: "[i]f we utilize any legal process to collect any amount outstanding, we will be entitled to recover the costs of collection, including for professional time expended by attorneys in and outside of [Plaintiff] and reasonable expenses, including but not limited to court, service, and execution costs."

After the representation concluded, plaintiff sent a Fee Arbitration Pre-Action Notice to defendant. After defendant failed to request Fee Arbitration, plaintiff sued defendant for attorney fees, including fees incurred pursuing collection. When defendant failed to answer, plaintiff moved for default.

The trial court granted default judgment against defendant in the amount of $6,276.51 for plaintiff's representation, making findings. After finding plaintiff's hourly rate was reasonable and similar to rates charged in the locality, the trial court analyzed the reasonableness of the number of hours billed. The court found plaintiff expended 6.2 hours of time on this matter. The court then

2

deducted certain charges, finding: 2.7 hours of block billing[1] duplicative; 0.10 hours vague; 0.24 hours clerical; and 1.36 hours excessive. The court also rejected 3 hours of anticipatory fees. As such, the court reduced the award for collection-related attorney fees to $1,308.60 from the $3,846.75 sought.

On appeal, plaintiff argues that the trial court acted arbitrarily by finding certain billing entries were "block billing," "duplicative," "excessive," or "vague."

In reviewing the grant or denial of a counsel fee award, we accord significant deference to the trial judge's determinations. McGowan v. O'Rourke, 391 N.J. Super. 502, 508 (App. Div. 2007). A trial judge's "fee determination 'will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion.'" Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 402 (2009) (Rivera-Soto, J., concurring) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)). However, where a trial judge's determination of fees was based on "irrelevant or inappropriate factors, or amounts to a clear

---

[1] "'Block billing' is 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945 n.2 (9th Cir. 2007) (quoting Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)).

A-2965-23

error in judgment," we must intervene. <u>Masone v. Levine</u>, 382 N.J. Super. 181, 193 (App. Div. 2005) (citing <u>Flagg v. Essex Cnty. Prosecutor</u>, 171 N.J. 561, 571 (2002)).

A trial court should consider the lodestar, "which is that number of hours reasonably expended by the successful party's counsel in the litigation, multiplied by their reasonable hourly rate." <u>Litton</u>, 200 N.J. at 386. The lodestar amount "is the most significant element in the award of a reasonable fee because that function requires the trial court to evaluate carefully and critically the aggregate hours and specific hourly rates advanced by counsel for the prevailing party to support the fee application." <u>Rendine v. Pantzer</u>, 141 N.J. 292, 335 (1995). The court "should not accept passively the submissions of counsel to support the lodestar amount . . . ." <u>Ibid.</u> "[T]he attorney's presentation of billable hours should be set forth in sufficient detail to permit the trial court to ascertain the manner in which the billable hours were divided among the various counsel . . . ." <u>Id.</u> at 337.

To determine the reasonableness of the hourly rate, the court must compute the rate to that of similar services for lawyers of reasonably comparable skill, experience, and reputation. <u>Ibid.</u> The determination of the reasonable rate need not be unnecessarily complex or protracted but the court "should satisfy

itself that the assigned hourly rates are fair, realistic, and accurate, or should make appropriate adjustments." Ibid. Where time entries note an unreasonable number of hours expended for tasks such as "routine correspondence and preparation of routine pleadings," for example, there is a need for "critical review of the certification to be supplied by counsel." Scullion v. State Farm Ins. Co., 345 N.J. Super. 431, 441 (App. Div. 2001).

Guided by these principles, we are convinced the court appropriately analyzed plaintiff's counsel's submissions, which included counsel's imprecise time entries. The record shows the court considered the difficulty of the matter, the skill required, and the results obtained. The amount represents the court's determination of the reasonable numbers of hours plaintiff's attorney expended for each task minus anticipatory fees multiplied by the reasonable hourly rate for the attorney who performed the task. The court properly exercised its discretion.

To the extent we have not addressed any of plaintiff's remaining contentions, we conclude that they are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-2965-23