**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2200-23

THE LAW OFFICES OF
RAJEH A. SAADEH LLC,

    Plaintiff-Appellant,

v.

BARBARA HUTTON and
JAMES HUTTON,

    Defendants-Respondents.

_____

Submitted December 4, 2024 – Decided February 5, 2025

Before Judges Currier and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. DC-000347-24.

The Law Office of Rajeh A. Saadeh, LLC, attorneys for appellant (Cynthia L. Dubell, on the brief).

Respondents have not filed a brief.

PER CURIAM

In this collection matter in which plaintiff sought payment for the legal work it performed for defendants, the court entered default judgment in the amount of the unpaid legal fees but awarded plaintiff only a fraction of the requested counsel fees for the default application. After careful review, we conclude the trial court mistakenly exercised its discretion in concluding the counsel fees were unreasonable because the time entries were block billed, we vacate the order and remand for the trial court to consider anew the application for counsel fees.

Defendants retained plaintiff to perform work in several matters, executing a retainer agreement each time. The agreement stated that

> [s]hould it be necessary to utilize the legal process to collect any amount outstanding, I will be entitled to recover the costs of collection, including for professional time expended by attorneys in and outside of [the law firm] and reasonable expenses, including but not limited to court, service, and execution costs.

After defendants failed to pay plaintiff $4,939.20 for legal services performed, plaintiff sent a fee arbitration pre-action notice to defendants informing them of their right to request fee arbitration regarding the owed fees. Defendants did not respond.

Thereafter, plaintiff filed a complaint for the payment of its fees. When defendants failed again to respond, plaintiff requested an entry of default.

2

Plaintiff sought the amount of fees owed—$4,939.20—plus $2,310 in legal fees for its work pursuing the owed fees, $115.50 in "[e]xpenses and disbursements," and $660 in "[a]nticipated fees." Plaintiff submitted a certification of services to support its application.

On March 22, 2024, the court entered default judgment for $5,472.20[1]—$4,939.20 for unpaid fees and $478 in attorney's fees and costs.

Plaintiff now appeals the amount of the attorney's fees, contending it is entitled to the full amount of attorney's fees incurred in pursuing the collection action.

"[A] reviewing court will disturb a trial court's award of counsel fees 'only on the rarest of occasions, and then only because of a clear abuse of discretion.'" Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)). An application for counsel fees is governed by Rendine v. Pantzer, 141 N.J. 292 (1995), and RPC 1.5(a).

Plaintiff submitted the following billing record as part of its fee application:

---

[1] We note the figures in the judgment do not equal the amount of the total award. Because we remand for a new consideration of the fee award, the mathematical error is of no import to this appeal.

A-2200-23

| Date | Time | Description | Status | Billable | Total Hours |
|---|---|---|---|---|---|
| 12/18/23 | Legal fees: Hourly SMC | Review fee arbitration letter and enclosures; Review file; Instruct staff re. ongoing correspondences with former client | Approved | Yes | 0.20 |
| 01/02/24 | Legal fees: Hourly SMC | Review file; Strategy planning re. fee arbitration; Instruct staff re. fee arbitration | Approved | Yes | 0.10 |
| 01/22/24 | Legal fees: Hourly SMC | Review, revise, and finalize complaint; Review file; Efile complaint; Receive and review eCourts filing notices; Produce summons | Approved | Yes | 0.50 |
| 01/23/24 | Legal fees: Hourly SMC | Receive and review eCourts notice; Review file; Receive and review court notice re. mailing of summons; Strategy planning re. collections efforts | Approved | Yes | 0.20 |
| 01/26/24 | Legal fees: Hourly SMC | Review file; Strategy planning with RAS | Approved | Yes | 0.20 |
| 01/29/24 | Legal fees: Hourly SMC | Review file; Strategy planning re. requests for default and default judgment | Approved | Yes | 0.10 |

A-2200-23

| | | | | | |
|---|---|---|---|---|---|
| 02/29/24 | Legal fees: Hourly SMC | Review file; Strategy planning; Draft and revise request to enter default; Draft and revise request for default judgment; Begin drafting and revising certification of services | Approved | Yes | 3.40 |
| 03/04/24 | Legal fees: Hourly SMC | Review file; Strategy planning | Submitted | Yes | 0.20 |
| 03/11/24 | Legal fees: Hourly SMC | Review file; Draft and revise certification of services; Revise request for default judgment; Attempt to produce SCRA report; Strategy planning re. production of SCRA report without DOB or SSN; Produce SCRA reports; Finalize and patch requests to enter default and for default judgment, and certification of services; Efile requests to enter default and for default judgment, and certification of services; Receive and review eCourts filing notice | Pending | Yes | 2.10 |

Total for Hutton, James & Barbara FA 7.00

Total for Cambilis, Stilianos M. 7.00

Grand Total 7.00

5

RPC 1.5(a) provides:

>   A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
>
>   (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
>   (2) the likelihood, if apparent to the client that the acceptance of the particular employment will preclude other employment by the lawyer;
>
>   (3) the fee customarily charged in the locality for similar legal services;
>
>   (4) the amount involved and the results obtained;
>
>   (5) the time limitations imposed by the client or by the circumstances;
>
>   (6) the nature and length of the professional relationship with the client;
>
>   (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
>
>   (8) whether the fee is fixed or contingent.

In Rendine, the Court outlined the process for analyzing a fee application:

>   [T]he first step in the fee-setting process is to determine the "lodestar": the number of hours reasonably expended multiplied by a reasonable hourly rate. . . . [T]he trial court's determination of the lodestar amount

6

is the most significant element in the award of a reasonable fee because that function requires the trial court to evaluate carefully and critically the aggregate hours and specific hourly rates advanced by counsel for the prevailing party to support the fee application.

[141 N.J. at 334-35.]

Here, the trial court conducted the appropriate analysis, finding initially that the attorney's hourly rate of $330 was reasonable. Then the court turned to a determination of the reasonableness of the number of hours billed. The court found four of the listed time entries unreasonable, striking five hours and fifty-four minutes of the seven hours plaintiff spent on the matter. Specifically, the court denied the work performed on 2/29/24 and 3/11/24 as "block billing" and "clerical in nature." The court stated it could not "assess the reasonableness of th[e] request, and . . . th[ese] entr[ies are] stricken."

The court awarded plaintiff $363 in counsel fees—the reasonable rate of $330 per hour multiplied by the one hour and six minutes of time it found were reasonably billed. The court also awarded plaintiff the requested $115 of costs but did not award any "anticipatory" fees.

The court denied almost the entirety of plaintiff's counsel's fee application because it found the use of "blocked billed" time entries improper. We recognize that a trial judge has the discretion to determine if billing charges by

7

attorneys are vague or improper. See id. at 337. Indeed, billing entries should show how the hours were divided. However, "[i]t is not [always] necessary to know the exact number of minutes" devoted to each task, the precise details of an activity, or the achievements of each attorney working on the matter. Ibid. (quoting Lindy Bros. Builders, Inc. of Phila. v. Am. Radiator & Standard Sanitary Corp., 487 F.2d 161, 167 (3d Cir. 1973)). It is sufficient that a billing entry contains the hours spent on a general activity. Ibid. Specificity is only required to the extent necessary for the court "to determine if the hours claimed are unreasonable for the work performed." Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990) (quoting Pawlak v. Greenawalt, 713 F.2d 972, 978 (3d Cir. 1983)).

Applying these guiding principles, we conclude the court mistakenly applied its discretion by rejecting plaintiff's "blocked billed" time. "'Block billing' is 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945 n.2 (9th Cir. 2007) (quoting Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)). It "is a common practice which itself saves time in that the attorney summarizes activities rather than detailing every

A-2200-23

task" and such billing should be upheld as reasonable if the listed activities reasonably correspond to the number of hours billed. U.S. ex rel. Doe v. Pa. Blue Shield, Xact Medicare Servs. Inc., 54 F. Supp. 2d 410, 415 (M.D. Pa. 1999). While a substantial number of vague entries may be a reason to exclude hours, it is not a reason to exclude the entire entry. The more appropriate approach would be to look at the entire block, compare the listed activities and the time spent, and determine whether the hours reasonably correlate to all the activities performed. Here, we note plaintiff listed each task performed in the block entry.

In sum, we conclude the fee award here was the result of a mistaken exercise of the court's discretion. We are therefore constrained to vacate the fee award made to plaintiff and remand the matter to the trial court to consider anew its determination as to the amount of counsel fees plaintiff is entitled to for its work preparing the default judgment and fee application.

The order under appeal is vacated and the matter is remanded for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2200-23