Carol WILCOX, Plaintiff—Appellant,

v.

WELLS FARGO AND COMPANY LONG TERM DISABILITY PLAN; Metropolitan Life Insurance Company, Defendants—Appellees.

No. 06–16140.

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 2008.*

Filed July 23, 2008.

Eric G. Slepian, for Plaintiff–Appellant.

Beth Hallie Zuckerberg, Boates & Crump, Anthem, AZ, Stephanie L. Chilton, Bowman & Brooke LLP, Timothy R. Hyland, Elliott Hartley Wernick, Phoenix, AZ, for Defendants–Appellees.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM **

Plaintiff Carol Wilcox appeals the district court's denial of her discovery request

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and its grant of summary judgment to Defendants Metropolitan Life Insurance Company and Wells Fargo and Company Long Term Disability Plan. We vacate and remand for further proceedings.

In denying Wilcox's request to conduct discovery in order to obtain and present evidence of Defendants' conflict of interest, the district court found that "[s]uch limited discovery would not itself be unduly burdensome" but concluded that "the need for efficiency and economy in ERISA cases generally dictates that no discovery be permitted until a showing of need has been made." The district court also held that a plaintiff could not obtain discovery where the standard of review was likely to be an abuse of discretion unless the plaintiff made a "substantial showing that a conflict of interest is likely to change the review to *de novo*." Similarly, in granting the Defendants' motion for summary judgment, the district court applied the applicable standard of review at the time, as articulated in *Atwood v. Newmont Gold Co., Inc.*, 45 F.3d 1317 (9th Cir.1995), requiring Wilcox to establish the existence of a "serious" conflict of interest to invoke heightened scrutiny and *de novo* review.

Following the district court's decision, we overruled *Atwood* in *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir.2006) (en banc). We held that a conflict of interest must be weighed as a factor in abuse of discretion review on a case-by-case basis, informed by the nature, extent, and effect of the conflict on the decision-making process. *Id.* at 967. We also concluded that a district court could, in its discretion, consider extrinsic evidence in evaluating the conflict's effects. *Id.* at 970. Where, for example, there was evidence that a plan administrator "has repeatedly denied benefits to deserving participants by interpreting plan terms incorrectly or by making decisions against the weight of evidence in the record," then the court could "weigh a conflict more heavily[.]" *Id.* at 968–69. The Supreme Court endorsed this approach in *Metropolitan Life Insurance Co. v. Glenn*, —— U.S. ——, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008), holding that a conflict of interest "should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration." *Id.* at 2351. The Court also held that a district court could consider evidence of an administrator's actions taken in an effort "to reduce potential bias and to promote accuracy," such as "walling off claims administrators from those interested in firm finances," or "imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits." *Id.* (noting that in such circumstances, the weight of a conflict might be reduced to "the vanishing point").

Although the district court stated in its order refusing to consider Wilcox's Rule 60 motion that "*Abatie* would not require a different result in this case" because the district court "applied an abuse of discretion standard as required by *Abatie*," *Glenn* and *Abatie* require a more complex analysis. They require the district court to consider the conflict of interest as a factor whose weight depends on the "nature, extent, and effect" of the conflict on the decision-making process, which may be unmasked through discovery. *Abatie*, 458 F.3d at 967, 970; *see also Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949–50 (9th Cir.2007). As *Abatie* and *Glenn* materially altered the standard of review applicable to the review of a plan administrator's denial of benefits under ERISA, permitting consideration of evidence outside of the administrative record

to determine the appropriate weight to accord the conflict of interest factor, we vacate the judgment and remand to the district court for further proceedings, including reconsideration of Wilcox's discovery requests.

**VACATED** and **REMANDED.** The parties shall bear their own costs on appeal.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.