**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-2143

DONNA DEAN,

                    Plaintiff - Appellant,

          v.

DAIMLER CHRYSLER LIFE, DISABILITY AND HEALTH CARE BENEFITS
PROGRAM,

                    Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:09-cv-02992-RDB)

Submitted:  July 11, 2011                Decided:  July 19, 2011

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott B. Elkind, ELKIND & SHEA, Silver Spring, Maryland, for
Appellant.   William E. Altman, Danielle C. Beasley, VERCRUYSSE
MURRAY & CALZONE, P.C., Bingham Farms, Michigan, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donna Dean appeals the district court's order granting summary judgment in favor of Daimler Chrysler Life, Disability and Health Care Benefits Program ("Chrysler") in this Employee Retirement Income Security Act action. We have carefully reviewed the parties' briefs and the record on appeal and conclude that Dean has waived appellate review of the arguments in Sections II through V of her opening brief. Counsel failed to adequately support the arguments with specific facts and citations to the record, as required by Rule 28(a)(9)(A) of the Federal Rules of Appellate Procedure. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) ("Failure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of the claim on appeal."); Carducci v. Regan, 714 F.2d 171, 177 (D.C. Cir. 1983) (Scalia, Cir. J.) (declining to review "asserted but unanalyzed . . . claim" because "appellate courts do not sit as self-directed boards of legal inquiry and research, but [rather] . . . as arbiters of legal questions presented and argued by the parties before them"). This court cannot assume counsel's duty to advocate on Dean's behalf.

With regard to Dean's claim that the district court failed to take into account Chrysler's financial woes, that information related only to whether a conflict of interest

existed. Even without the financial information, the district court found that a conflict of interest existed but that no other factor indicated an abuse of discretion in connection with Chrysler's denials of benefits. See Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan, 201 F.3d 335, 342-43 (4th Cir. 2000) (discussing eight factors pursuant to which courts determine whether an abuse of discretion exists). Moreover, this information was not part of the administrative record upon which the denial was based. Thus, it was not properly before the district court. See Bernstein v. Capital Care, Inc., 70 F.3d 783, 788-89 (4th Cir. 1995).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED