**Helene CLARK, Plaintiff**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, et al., Defendants.**

**Civil No. JKB–10–3107.**

United States District Court, D. Maryland.

July 27, 2011.

Opinion Denying Motion to Compel Discovery Following Submission of Memoranda Sept. 27, 2011.

528

Scott Bertram Elkind, Elkind and Shea, Silver Spring, MD, for Plaintiff.

John Snowden Stanley, Jr., Semmes Bowen and Semmes PC, Baltimore, MD, for Defendants.

### MEMORANDUM

JAMES K. BREDAR, District Judge.

Helene Clark ("Plaintiff") brought this suit against Unum Life Insurance Company of America and The Pearson, Inc., Employee Long–Term Disability Plan ("Defendants") seeking a declaration of entitlement to disability benefits, payment of back-benefits, and costs, pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"), as well as penalties pursuant to 29 C.F.R. § 2560.502–1(g) *et seq.* Plaintiff has now moved to compel discovery. The issues have been briefed and no oral argument is required. Local Rule 106.5. For the reasons set forth below, Plaintiff's Motion To Compel Discovery (ECF No. 26) is DENIED IN PART and HELD IN ABEYANCE IN PART, and the parties are directed to file supplemental memoranda.

### I. BACKGROUND

Plaintiff is a former employee of Pearson Education, Inc., who was allegedly disabled as a result of a car accident in March of 2008. Defendant Unum Life Insurance Company is the claims administrator and insurer of Pearson's group benefits plan, in which Plaintiff is a participant. Following her accident, Plaintiff submitted a claim

for disability benefits. Defendant paid Plaintiff short-term benefits, but denied long-term benefits. Plaintiff filed this suit seeking a declaratory judgment that she is entitled to benefits under the plan. (Compl., ECF No. 1).

After filing the complaint, Plaintiff's counsel served Defendant with a set of interrogatories and requests for production of documents. (ECF Nos. 26–3 & 26–4). Among other things, Plaintiff sought discovery of information regarding Defendant's claims review process, the compensation structure of its employees and consultants, and statistical data regarding findings of disability by Defendant's consulting physicians. Defendant objected to certain of the requests on the grounds of privacy, attorney-client privilege, and the fact that discovery beyond the administrative record has historically been unavailable in ERISA cases. Counsel for the parties allegedly conferred regarding Plaintiff's discovery requests, but were unable to resolve the dispute. Plaintiff then filed this motion to compel discovery.

## II. STANDARD OF REVIEW

■ Federal Rule of Civil Procedure 37(a) (West 2011) "authorizes the basic motion for enforcing discovery obligations." CHARLES ALAN WRIGHT, ET AL., 8B FED. PRAC. & PROC. CIV. § 2285 (3d ed. 1998). Where a party fails to answer an interrogatory, the Rule allows the opposing party to move for an order compelling an answer. Fed.R.Civ.P. 37(a)(3)(B)(iii). The moving party must certify in the motion that it has conferred, or attempted to confer, in good faith with opposing counsel in an effort to obtain the desired material without court involvement. Fed.R.Civ.P. 37(a)(1). District courts enjoy substantial discretion in managing discovery, including granting or denying motions to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir.1995).

■ If a court grants a motion pursuant to Rule 37(a), it generally must require the party whose conduct necessitated the motion to pay the reasonable costs incurred by the moving party, including attorney's fees. Fed.R.Civ.P. 37(a)(5). However, a court may not order such payment if the moving party failed to confer in good faith with opposing counsel before filing the motion, if the opposing party's non-cooperation was substantially justified, or if ordering the payment would be otherwise unjust. *Id.*

## III. ANALYSIS
### A. Availability of Discovery

■ It has long been settled law in this circuit that a district court reviewing a plan administrator's decision under a deferential standard may consider only the evidence before the administrator at the time of decision (i.e., the administrative record). *See Bernstein v. CapitalCare, Inc.*, 70 F.3d 783, 788 (4th Cir.1995); *see also Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1025 (4th Cir. 1993) (holding that district court may consider evidence outside the administrative record only in the course of *de novo* review). For this reason, Plaintiffs in such actions have generally not been entitled to discovery beyond the administrative record. *See Briggs v. Marriott Intern., Inc.*, 368 F.Supp.2d 461, 467 n. 4 (D.Md.2005).

However, the Supreme Court's decision in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008), may have opened the door to additional discovery under certain conditions. In that case, the Court held that a plan administrator that both evaluates and pays claims for benefits operates under a conflict of interest, and that courts must consider any such conflict as a "factor" in determining whether an administrator abused its discretion. *Id.* at 112, 128 S.Ct.

2343 (citing *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). The weight to be given to the conflict, the Court wrote, depends on the "likelihood that it affected the benefits decision." *Id.* at 117, 109 S.Ct. 948. In that respect, courts may consider such extrinsic facts as an administrator's history of biased claims administration and any active steps it has taken to reduce bias or improve accuracy. *Id.*

Those circuits that have reached the issue have held that *Glenn* necessarily contemplated discovery beyond the administrative record if courts are to properly determine the likelihood that an administrator's conflict of interest influenced its decision in a given case. *Denmark v. Liberty Life Assur. Co. of Boston,* 566 F.3d 1, 10 (1st Cir.2009) (holding that *Glenn* contemplates extra-record discovery on conflict, but warning that such discovery should be allowed sparingly and must be narrowly tailored); *Johnson v. Connecticut General Life Ins. Co.,* 324 Fed.Appx. 459, 466–67 (6th Cir.2009) (observing that limited discovery on conflict was available under 6th Circuit precedent, consistent with *Glenn* ); *Wilcox v. Wells Fargo and Co. Long Term Disability Plan,* 287 Fed. Appx. 602, 603 (9th Cir.2008) (observing that both *Glenn* and 9th Circuit precedent allow discovery of the "nature, extent, and effect" of conflict); *Murphy v. Deloitte & Touche Group Ins. Plan,* 619 F.3d 1151, 1162–63 (10th Cir.2010) (holding that *Glenn* contemplates discovery related to the "scope and impact" of conflict and that such discovery should be governed by Fed. R.Civ.P. 26(b)).

The Fourth Circuit has not yet decided the question of what effect, if any, *Glenn* had on the availability of extra-record discovery in ERISA cases. Certain of its post-*Glenn* cases, however, appear to acknowledge the relevance of extra-record evidence in determining the significance of a conflict. *Champion v. Black & Decker (U.S.), Inc.,* 550 F.3d 353, 362 (4th Cir. 2008) ("When we heed *Glenn's* instruction on considering the conflict factor, we can find no evidence raising a concern that would increase the weight of the conflict.... [Plaintiff] provides no contrary evidence tending to show that the Plan's dual role affected the benefits decision.") (internal quotation marks omitted); *Vaughan v. Celanese Americas Corp.,* 339 Fed.Appx. 320, 328 (4th Cir.2009) (unpublished) (noting with approval a district court's three-day hearing on the effect of a conflict of interest, after which it made factual and credibility determinations); *Spry v. Eaton Corp. Long Term Disability Plan,* 326 Fed.Appx. 674, 678–79 (4th Cir. 2009) (unpublished) (observing that "proof of facts warranting imputation of improper motives to a plan administrator still aids claimants challenging adverse benefits decisions," and recognizing *Glenn's* prescription that a conflict be given more or less weight depending on the likelihood that it influenced the benefits decision); *but, c.f., Dean v. Daimler Chrysler Life, Disability and Health Care Benefits Program,* No. 10–2143, 439 Fed.Appx. 265, 2011 WL 2836952 (4th Cir.2011) (unpublished), *aff'g* No. 09–2992, 2010 WL 3895363 (D.Md. 2010).

 This Court finds the reasoning of the circuits that have allowed extra-record discovery in the wake of *Glenn* to be both persuasive and consistent with the Fourth Circuit's treatment of *Glenn* to date. *Glenn* unambiguously requires district courts to determine the likelihood that an administrator's conflict of interest affected its benefits decision, and suggests that this determination can be made by reviewing evidence regarding the administrator's past dealings and claim review process.

The conflict of interest ... should prove more important (perhaps of great impor-

tance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration.... It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decision-making irrespective of whom the inaccuracy benefits.

554 U.S. at 117, 128 S.Ct. 2343. Unless such information happens to appear in the administrative record, the only way for a court to carry out *Glenn's* directive may be to allow the Plaintiff to obtain the information through discovery. The Court therefore holds that *Glenn* created an exception to the general rule (still otherwise in force) that extra-record discovery is unavailable to ERISA plaintiffs. Such discovery is available when an administrator has a structural conflict of interest and information not contained in the record is necessary to enable the court to determine the likelihood that the conflict influenced the particular benefits decision at issue.

### B. Scope of Discovery

The question of whether and how extra-record discovery should proceed in this case, however, is less clear. In this respect, *Glenn* reveals a tension between two competing objectives: avoiding "near universal review by judges *de novo—i.e.,* without deference-of the lion's share of ERISA plan claims denials," and avoiding "special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict." *See* 554 U.S. at 116, 128 S.Ct. 2343. On the one hand, if courts were to simply give ERISA plaintiffs *carte blanche*

to conduct discovery on an administrator's conflict of interest, the emphasis of litigation could quickly shift away from determining the reasonableness of individual claims decisions, and toward exhaustive scrutiny of the general fairness of the administrator's business practices. Such a result would substantially undermine the deference due to the administrator's decision. On the other hand, any attempt to narrow discovery beyond what is allowed under Rule 26(b) would seem to ignore *Glenn's* admonition against crafting "special rules" for conflict of interest cases.

■ The Court finds that the best way to accommodate both of these interests is to carefully scrutinize the relevance and necessity of Plaintiff's proposed extra-record discovery at the outset, by determining whether or not the administrative record contains enough information to allow the court to properly weigh Defendant's admitted conflict of interest. If it does, then no discovery will be necessary because information beyond the record would not be relevant. If, however, the court determines that additional information is needed, then discovery will be allowed to proceed on the specific issue of the effect of Defendant's conflict on its benefits decision in this case. This ruling does not purport to establish any special rules of evidence or procedure unique to conflicts of interest, but is merely an exercise of this Court's inherent power to control discovery. *See Buffington v. Baltimore County,* 913 F.2d 113, 132 n. 15 (4th Cir. 1990).

In view of this ruling, the parties shall be directed to file supplemental memoranda addressing the following question: *Is the information already contained in the administrative record sufficient to determine the extent, if any, to which Defendant's conflict of interest influenced its decision to deny Plaintiff's claim for long-*

*term disability benefits?* The memoranda are to be concise and focused narrowly on the question just stated. The Court is not concerned at this stage with Plaintiff's particular discovery requests or Defendant's objections thereto. The Court is similarly not concerned with any alleged general unfairness in Defendant's business practices, but solely with determining any impact those practices *could* have had *in this case.*

### C. Attorney's Fees

■ Lastly, Plaintiff has requested that the Court sanction Defendant pursuant to Rule 37(a)(5) for its alleged non-cooperation in discovery, by ordering it to pay the attorney's fees Plaintiff incurred in filing this motion. Because the rule in this circuit has traditionally been that no extra-record discovery is available in ERISA cases, and because the Fourth Circuit has not yet addressed the effect of *Glenn* on this rule, the Court finds that Defendant's actions were substantially justified. Plaintiff's request for attorney's fees in connection with this motion will therefore be denied.

### IV. CONCLUSION

Accordingly, an order shall issue DENYING IN PART and HOLDING IN ABEYANCE IN PART Plaintiff's Motion to Compel Discovery (ECF No. 26) and directing the parties to submit supplemental memoranda addressing the sufficiency of the administrative record in this case.

### ORDER

In accordance with the preceding memorandum, it is ORDERED that:

(1) Plaintiff's Motion to Compel Discovery (ECF No. 26) is DENIED IN PART and HELD IN ABEYANCE IN PART as follows:

(a) Plaintiff's request for attorney's fees pursuant to Fed.R.Civ.P. 37(a)(5) is DENIED;

(b) Plaintiff's motion to compel extra-record discovery to the extent necessary to determine what influence, if any, Defendant's admitted structural conflict of interest had on its decision to deny Plaintiff's claim for benefits is HELD IN ABEYANCE; and

(c) Plaintiff's motion to compel any other extra-record discovery is DENIED;

(2) Within thirty (30) days of this order, both parties shall file supplemental memoranda addressing the question of whether the administrative record in this case contains enough information for the Court to determine what influence, if any, Defendant's admitted structural conflict of interest had on its decision to deny Plaintiff's claim for benefits.

### MEMORANDUM and ORDER

Helene Clarke ("Plaintiff") brought this suit against Unum Life Insurance Company of America and The Pearson, Inc., Employee Long–Term Disability Plan ("Defendants") seeking a declaration of entitlement to disability benefits, payment of back-benefits, and costs, pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"), as well as penalties pursuant to 29 C.F.R. § 2560.502–1(g) *et seq.* Plaintiff has now moved to compel discovery. The issues have been briefed and no oral argument is required. Local Rule 106.5. For the reasons set forth below, Plaintiff's Motion To Compel Discovery (ECF No. 26) is DENIED.

### I. BACKGROUND

Plaintiff is a former employee of Pearson Education, Inc., who was allegedly disabled as a result of a car accident in March of 2008. Defendant Unum Life Insurance

Company is the claims administrator and insurer of Pearson's group benefits plan, in which Plaintiff is a participant. Following her accident, Plaintiff submitted a claim for disability benefits. Unum approved the claim and began to pay Plaintiff long-term benefits ("LTD") on September 14, 2008. Unum allegedly informed Plaintiff, however, that it would periodically re-evaluate her condition to determine whether she continued to meet its definition of disability. In May of 2009, after conducting further investigation, Unum determined that Plaintiff was no longer disabled and terminated her benefits. Plaintiff filed an administrative appeal of the decision, which was denied. On June 30, 2010, Plaintiff and Unum participated in a mediation session, but were unable to resolve their dispute.

In October of 2010, Plaintiff filed this suit seeking a declaratory judgment that she is entitled to benefits under the plan. (Compl., ECF No. 1). After filing the complaint, Plaintiff's counsel served Defendants with a set of interrogatories and requests for production of documents. (ECF Nos. 26–3 & 26–4). Among other things, Plaintiff sought discovery of Unum's entire administrative record of her case as well as information regarding Unum's claims review process, the compensation structure of its employees and consultants, and statistical data regarding findings of disability by Unum's consulting physicians. Defendants objected to certain of the requests on the grounds of privacy, attorney-client privilege, and the fact that discovery beyond the administrative record has historically been unavailable in ERISA cases. Counsel for the parties allegedly conferred regarding Plaintiff's discovery requests, but were unable to resolve the dispute. Plaintiff then filed this motion to compel discovery.

In an order dated July 27, 2011, the Court ruled that, in light of the Supreme Court's recent decision in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008), extra-record discovery may now be available in ERISA cases under certain conditions. Before ruling on Plaintiff's motion, however, the Court directed the parties to submit supplemental memoranda addressing the question of whether the information already contained in the administrative record is sufficient to determine the extent, if any, to which Unum's conflict of interest influenced its decision to terminate Plaintiff's benefits. The parties have now submitted those memoranda, and the Court here proceeds to its ultimate ruling on Plaintiff's motion.

## II. STANDARD OF REVIEW

■ Federal Rule of Civil Procedure 37(a) "authorizes the basic motion for enforcing discovery obligations." CHARLES ALAN WRIGHT, ET AL., 8B FED. PRAC. & PROC. CIV. § 2285 (3d ed.1998). Where a party fails to answer an interrogatory, the Rule allows the opposing party to move for an order compelling an answer. Fed.R.Civ.P. 37(a)(3)(B)(iii). The moving party must certify in the motion that it has conferred, or attempted to confer, in good faith with opposing counsel in an effort to obtain the desired material without court involvement. Fed.R.Civ.P. 37(a)(1). District courts enjoy substantial discretion in managing discovery, including granting or denying motions to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

## III. ANALYSIS

### 1. Extra–Record Discovery

■ The question now before the Court is whether or not the administrative record in this case contains enough information to allow the Court to determine the likelihood

that Defendant's conflict of interest (i.e., its financial incentive to avoid paying claims) improperly influenced its decision to terminate Plaintiff's LTD benefits. The Court finds that it does.

In its supplemental memorandum, Unum claims that its admitted conflict of interest was "neutralized" in this case by the thoroughness of its investigation of Plaintiff's claim and appeal. (Def.'s Supp. Mem. 7, ECF No. 39). In support, Unum points to evidence in the administrative record detailing the process of its investigation, which included: (1) a "field visit" and interview with Plaintiff in her home; (2) several days of surveillance of Plaintiff; (3) an independent Functional Capacity Evaluation; and (4) numerous reviews of Plaintiff's medical files and job requirements by Unum's on-site physicians, rehabilitation specialists, and clinical consultants. Plaintiff, in contrast, has offered the Court no appraisal whatever of the information in the record and has instead simply repeated her generalized allegations that Defendant's claims handling procedures are biased. Absent from these allegations is any factual basis for inferring that the alleged bias affected the outcome of *her* claim, or that such influence, if it took place, cannot be discerned from the information already in the record.

Based on these submissions, the Court concludes that the account of Unum's decision-making process presented in the administrative record is sufficiently detailed to reveal any significant defects that might have made it vulnerable to bias. Plaintiff's motion to compel extra-record discovery is therefore denied.

## 2. Attorney–Client Privilege

Plaintiff has also moved to compel the production of three documents from the administrative record, which reflect communications between Unum and its counsel prior to the filing of this suit. Unum has withheld the documents on the grounds of attorney-client privilege, but Plaintiff argues that the documents are not privileged because of the so-called "fiduciary exception."

The party invoking the attorney-client privilege bears the burden of demonstrating its applicability. *In re Grand Jury Subpoena: Under Seal,* 415 F.3d 333, 338–39 (4th Cir.2005). One way that a party may carry this burden is by submitting a privilege log. *N.L.R.B. v. Interbake Foods, LLC,* 637 F.3d 492, 502 (4th Cir.2011). To be sufficient, the log must set forth specific facts which, taken as true, establish the elements[1] of the privilege for each document for which privilege is claimed. *Id.* (citation omitted). A privilege log meets this standard, even if not detailed, if it identifies "the nature of each document, the date of its transmission or creation, the author and recipients, the subject, and the privilege asserted." *Id.* Defendant has produced a privilege log containing the required information, which describes the documents as follows: (1) a communication sent from "John LoBosco, DLR Counsel" to "Appeals Department" on 11/24/2009 concerning "Helen Clarke appeal documents—role of deposition transcripts, cases, news reports, etc. provided by Claimant's attorney in his November

---

**1.** *(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or is his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client. N.L.R.B. v. Interbake, 637 F.3d at 501–02.*

2009 letter [2]"; (2) a document filed on 4/23/2010 by "Karen Connolly, Lead Appeals Specialist," concerning "April 9, 2010 consultation with John LoBosco, DLR Counsel concerning advice in responding to Scott Elkind, Esq."; and (3) an e-mail sent from "Cesar R. Britos, Assistant Vice President & Senior Counsel" to "Karen Connolly, Lead Appeals Specialist" on 8/24/2010 concerning "Response to Scott Elkind, Esq. regarding complaint by Helen K. Clarke concerning Functional Capacity Evaluation (FCE)." (Snowden Letter [2/10/11] ] & Privilege Log, ECF No. 27–3, Ex. 1). The Court is satisfied that these documents meet the criteria of protected attorney-client communications.

 Once a party has made a *prima facie* showing of privilege, the party asserting an exception to the privilege bears the burden of establishing that the exception applies. *See In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d 342, 352 (4th Cir.1994) (party asserting "crime-fraud" exception to attorney client-privilege bears the burden of making *prima facie* showing of crime or fraud). Plaintiff has not carried this burden.

 The Fourth Circuit recently recognized the applicability of the fiduciary exception in the ERISA context in *Solis v. Food Employers Labor Relations Ass'n*, 644 F.3d 221 (4th Cir.2011). Among other things, the *Solis* opinion noted that the exception does not apply to all communications between ERISA trustees and their counsel, but only to those concerning the fiduciary relationship. In particular, the Court observed that the exception does not apply to communications concerning either (1) personal legal advice to the trustee, or (2) non-fiduciary matters such as "adopt-

ing, amending, or terminating an ERISA plan." *Id.* at 228. The burden is therefore on Plaintiff to demonstrate that the documents it seeks concern subject matter that is covered by the fiduciary exception. *See U.S. v. Mett*, 178 F.3d 1058, 1064 (9th Cir.1999). Plaintiff, however, has neither acknowledged the limited scope of the exception nor made any claims at all about the contents of disputed documents. Plaintiff has therefore failed to overcome Defendant's showing of privilege, and her motion to compel the disclosure of these documents is therefore denied.

## IV. ORDER

Accordingly, it is ordered that Plaintiff's Motion to Compel Discovery (ECF No. 26) is DENIED.

---

**2.** The letter, *inter alia,* accused Defendant of employing biased practices, cited case law regarding the standard of review in ERISA claims denial cases, and asserted that Defen-

dant's actions would not "bear judicial scrutiny." (Elkind Letter [11/6/09], ECF No. 27–9, Ex. 7).