**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN RENE JONES, | No. 10-16713 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-03971-JW |
| v. | MEMORANDUM[*] |
| METROPOLITAN LIFE INSURANCE COMPANY; MERCK & CO., INC., LTD Plan for NonUnion Employees; MERCK & CO., INC., ADMINISTRATOR FOR MERCK & CO., INC. LTD PLAN FOR NON UNION EMPLOYEES, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, Chief District Judge, Presiding

Submitted October 26, 2011[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: GRABER and IKUTA, Circuit Judges, and KAPLAN,<sup>***</sup> Senior District Judge.

Plaintiff Susan Rene Jones appeals the district court's dismissal of her claims under the Employee Retirement Income Security Act of 1974 ("ERISA"). We affirm in part, vacate in part, and remand with instructions.

1. The district court erred by dismissing Plaintiff's claim concerning the amount of long-term disability benefits, including the question whether an offset should be applied and any other questions related to the amount of such benefits. See Saffle v. Sierra Pac. Power Co. Bargaining Unit, 85 F.3d 455, 461 (9th Cir. 1996) (holding that where, as here, the Plan grants discretion to the administrator and the administrator "has not yet had the opportunity of applying the Plan, properly construed, . . . [i]t should be up to the administrator, not the courts, to make that call in the first instance"). Plaintiff sought to recover the long-term disability benefits due her under the terms of the Plan. She had exhausted the issues related to that remedy, and her claim was not made moot by Metropolitan Life Insurance Company's ("MetLife's") determination that she was due some benefits under the Plan, but they were subject to an offset. See Vaught v. Scottsdale Healthcare Corp. Health Plan, 546 F.3d 620, 630 (9th Cir. 2008)

<sup>***</sup> The Honorable Lewis A. Kaplan, Senior District Judge for the United States District Court for the Southern District of New York, sitting by designation.

2

(holding that remedy-exhaustion is required, but issue-exhaustion is not required). We vacate the district court's dismissal of this claim and remand with instructions that the district court remand this claim to the administrator.

2. By contrast, the district court properly held that Plaintiff's claims concerning benefits other than long-term disability benefits were barred by Plaintiff's failure to exhaust. See id. at 626 (discussing the exhaustion requirement). We affirm the district court's dismissal, for failure to exhaust, of Plaintiff's claims concerning ancillary benefits (medical, dental, and life insurance, and COBRA premiums) and reimbursement for independent medical examinations.

3. The district court correctly denied Plaintiff's claim for a prospective injunction. The district court did not clearly err in finding that there is no "admissible evidence of an imminent danger that the Plan will terminate Plaintiff's LTD benefit arbitrarily or in bad faith." See Fier v. Unum Life Ins. Co. of Am., 629 F.3d 1095, 1097 (9th Cir. 2011) (per curiam) (holding that we review the district court's factual findings for clear error).

4. The district court erred by requiring each party to bear its own fees before the 14-day time for filing a fee motion expired, at least where Defendant MetLife earlier had agreed that fees were owed to Plaintiff. Fed. R. Civ. P. 54(d)(2). We

3

vacate the district court's denial of fees and remand with instructions to permit Plaintiff to file a fee motion within 14 days of issuance of the mandate.

5. We have reviewed all of Plaintiff's other arguments, and we find no other error.

**AFFIRMED in part, VACATED in part, and REMANDED with instructions.** Costs on appeal awarded to Plaintiff-Appellant.