

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN RENE JONES, | No. 12-15655 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-03971-JW |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY; MERCK & CO., LTD Plan for NonUnion Employees; MERCK & CO., INC., ADMINISTRATOR FOR MERCK & CO., INC LTD PLAN FOR NON UNION EMPLOYEES, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted February 11, 2014
San Francisco, California

Before: REINHARDT and THOMAS, Circuit Judges, and SESSIONS, District
Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable William K. Sessions III, District Judge for the U.S.
District Court for the District of Vermont, sitting by designation.

Jones appeals the district court's award of attorney's fees in an action brought under the Employee Retirement Income Security Act of 1974 (ERISA). The district court awarded Jones a total of $191,290.50 in attorney's fees. Jones argues that the district court abused its discretion in calculating the appropriate hourly rate for Jones's attorney, in reducing the number of hours to be awarded, and in failing to award attorney's fees for a previous appeal to this court.

The district court did not abuse its discretion in determining that $450 an hour was an appropriate rate for Jones's attorney. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946–47 (9th Cir. 2007). Neither did the district court abuse its discretion in reducing the number of hours submitted by Jones to those which were "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The district court erred, however, in failing to award Jones fees for the portion of her previous appeal to this court in which we remanded to allow Jones to file a fee motion before the district court. *See Jones v. Metro. Life Ins. Co.*, 456 Fed. App'x 647 (9th Cir. 2011). Accordingly, we remand to the district court for a determination of the appropriate amount of fees to be awarded on that portion of the previous appeal. *See Se. Legal Def. Grp. v. Adams*, 657 F.2d 1118, 1126 (9th Cir. 1981).

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**

All pending motions are **DENIED AS MOOT.**

Each party shall bear its own costs.